UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEIL MCGOWAN,

    Plaintiff,

v.

NETAPP, INC., A DELAWARE CORPORATION, HENRI RICHARD, ELIZABETH O'CALLAHAN, DEBRA MCCOWAN, CESAR CERUNDA, RICHARD SCURFIELD, MAXWELL LONG, ROSALIND HILL, and DOES 1 through 50,

    Defendants.

No. C 23-cv-04291-WHA

**ORDER TO COMPEL ARBITRATION**

In this RICO and FEHA action, this order **GRANTS** defendants' motion to compel arbitration. The 2023 arbitration agreement delegates this matter to an arbitrator. This order hereby **STAYS** this action pending arbitration.

Plaintiff Neil McGowan was a Vice President and General Manager of Sales for defendant NetApp, Inc., a company which provides data and cloud-storage services and management. In this case, plaintiff is suing for his commissions set by an annual agreement which is referred to by counsel as a goal sheet and an incentive commission plan. Plaintiff is expressly suing under this contract. It is this very contract sued on that has an arbitration agreement.

Aside from fiscal year 2019 (for which plaintiff signed the goal sheet by hand), plaintiff used his unique username and password each year to access the goal sheet and compensation plan and clicked on a screen button that said "accept." Immediately above the "accept" button, the screen read, "I have read, understand, and agree to the Terms and Conditions." The phrase 'terms and conditions' was in blue and could be clicked to link the terms and conditions of that year's compensation plan. On page 24 of 34 of the 2023 fiscal year compensation plan agreement resided an arbitration agreement (Dkt. No. 15-1 Exh. I at 3). This order holds that the arbitration agreement was part of the terms and conditions that he accepted by clicking on "accept."

Plaintiff contends that there should have been a warning above the accept button stating that there was an arbitration agreement lurking in the terms and conditions. He cites *Esparza v. Sand & Sea* 2 Cal.App.5th 781, 790-791 (2016) which seems to make such a requirement under California state law. That decision, however, had an employee sign a policy acknowledgement for an employee handbook that specifically said it was not a contract. *Id*. at 784. Therefore, the appellate court held, in order to elevate the arbitration clause found within the handbook to a contract, the clause had to be called out specifically and conspicuously. *Id*. at 791. Here, we do not have that wrinkle. The goal sheet (along with the terms and conditions of the compensation plan) purport to be a contract, unlike the *Esparza* decision.

Accordingly, this order holds that the parties entered into an arbitration agreement. The arbitration agreement delegates to the arbitrator all issues as to arbitrability, validity, and scope per the institutional JAMS rules which have been incorporated into the arbitration agreement. Therefore, all further issues are for the arbitrator to decide, including the issue of an alleged violation of Labor Code Section 2751.

Lastly, this order finds that the arbitration agreement can be enforced by the nonsignatory defendants. In California, a nonsignatory to an arbitration agreement may

invoke arbitration against a party if a preexisting confidential relationship, such as an agency relationship between the nonsignatory and one of the parties to the arbitration agreement, makes it equitable to impose the duty to arbitrate upon the nonsignatory. *Murphy v. DirecTV*, 724 F.3d 1218, 1232 (9th Cir. 2013).  As employees of NetApp, the named, nonsignatory defendants acted on NetApp's behalf while they acted in their official capacities as executives of the company.  Therefore, the named, nonsignatory defendants are agents of NetApp and are permitted to enforce the arbitration agreement.

The case is hereby **STAYED** to permit arbitration to proceed. The parties will report back on **July 11, 2024, at 8:00 am** to advise whether arbitration is complete.  If defendant drags its feet in proceeding with the arbitration, the stay may be lifted.

**IT IS SO ORDERED.**

Dated: January 26, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3